UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICHARD ALLEN DIXON, JR., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:16-cv-00178-NT |
| | ) |
| DALTON GROEGER, | ) |
| | ) |
| Defendant | ) |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO AMEND AND RECOMMENDED DECISION ON DEFENDANT'S MOTION TO DISMISS**

In this action, Plaintiff Richard Allen Dixon, Jr., alleges that Defendant Dalton Groeger[1] violated his constitutional rights while Plaintiff was detained in protective custody at the York County Jail. Specifically, Plaintiff alleges cruel and unusual punishment in violation of the Eighth Amendment and retaliation in violation of the First Amendment. (Am. Compl. ¶ 1, ECF No. 4.) The matter is before the Court on Defendant's Motion to Dismiss (ECF No. 8) and Plaintiff's Motion to Amend his complaint. (ECF No. 15.)

Following a review of the pleadings, and after consideration of the parties' submissions, I grant Plaintiff's Motion to Amend, and I recommend the Court deny Defendant's Motion to Dismiss.

---

[1] Plaintiff's first amended complaint (ECF No. 4) identifies the Defendant as "John Doe," but states that the officer in question is "believed to be Officer Greger." (*Id.* at 2, ¶ 4.) Defendant's counsel executed a waiver of service form that identifies the Defendant as "Officer John Doe believed to be Officer Greger." (ECF No. 8 at 2.) Subsequently, Defendant filed a motion to dismiss and identified Dalton Groeger as the defendant. The caption of the case shall be modified accordingly.

**BACKGROUND FACTS**

In his first amended complaint,[2] Plaintiff alleges that on August 30, 2015, Defendant unlocked Plaintiff's cell door to admit another prisoner, and then watched as the prisoner struck Plaintiff to awaken him, held a sharpened pencil to Plaintiff's throat, and threatened Plaintiff that he must be silent or he would be hurt.  (Am. Compl. ¶¶ 6 – 12.)

Plaintiff filed a grievance against Defendant on September 1, 2015.  (*Id.* ¶ 14.)  According to Plaintiff, on September 8, 2015, Defendant entered Plaintiff's cell and confronted Plaintiff about the grievance.  (*Id.* ¶ 15.)  On September 11, Plaintiff filed a grievance against Defendant regarding the September 8 confrontation.  (*Id.* ¶ 18.)

**DISCUSSION**

**A.  Plaintiff's Motion to Amend**

When a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2).  In such a case, the court is to grant leave to amend "freely" when "justice so requires."  *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").  Here, Plaintiff filed his motion soon after the filing of and in response to the motion to dismiss.  Given that Plaintiff filed the motion before the Court issued a scheduling order, Plaintiff was not dilatory in filing the motion, and the

---

[2] On April 13, 2016, Plaintiff filed an amended complaint.  (ECF No. 4.)  In the cover letter that accompanied the amended complaint, Plaintiff asserted that he intended for the amended complaint to replace rather than supplement his original complaint.  (ECF No. 4-1.)

record lacks any evidence of undue prejudice to Defendant. Plaintiff's motion, therefore, is granted.

**B.     Defendant's Motion to Dismiss**

Defendant contends Plaintiff has not asserted an actionable claim. When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).

Defendant's motion to dismiss is evaluated in the context of the facts Plaintiff alleged in support of his motion to amend his complaint. (ECF No. 15.) Defendant first argues that the facts alleged regarding the incident with another prisoner do not describe conduct by the prisoner that is sufficiently serious to support a constitutional claim and that, regardless of the seriousness of the prisoner's conduct, the alleged facts do not suggest that Defendant knew the prisoner would threaten harm to Plaintiff. (Mot. to Dismiss at 5 – 6.) Defendant contends that Plaintiff's First

Amendment retaliation claim fails because, as a matter of law, the alleged confrontation with Defendant following the filing of Plaintiff's grievance was not materially adverse to Plaintiff. (*Id.* at 7.)

In his supplemental pleading, Plaintiff asserts that on August 30, 2015, Plaintiff was in a room with Defendant and "several young inmates." Plaintiff describes Defendant as "goofing around" with the other inmates. When he observed Defendant's behavior, Plaintiff suggested to Defendant that he should stop acting like the inmates because he was in charge. Defendant was offended and exchanged words with Plaintiff. That night, after lockdown, Defendant brought a prisoner to Plaintiff's cell. Defendant then "stood there, doing nothing while he watched [the prisoner harm or threaten Plaintiff]." (ECF No. 15 at 1 – 2, ¶¶ 4 – 6.)

Plaintiff also alleges that after he filed a grievance based on Defendant's conduct, Defendant not only appeared in Plaintiff's cell to confront him, but also escorted Plaintiff whenever he went anywhere, including on his daily trips to medical. Plaintiff maintains that when Defendant accompanied him, Defendant tried to intimidate him. (*Id.* ¶¶ 13.)

### 1. *Plaintiff's use of force claim*

Because Defendant was a state actor, Plaintiff's claim arises under 42 U.S.C. § 1983 and the Fourteenth Amendment. "The rights enforceable under [42 U.S.C.] § 1983 emanate through the Fourteenth Amendment and they include substantive and procedural due process, the equal protection of the laws, and those rights in the Bill of Rights incorporated by the Due Process Clause, including rights protected by the First, Second, Fourth, and Eighth Amendments." *Harpswell Coastal Acad. v. Maine Sch. Admin. Dist. No 75 (Topsham)*, No. 2:15-cv-00454-JAW, 2015 WL 7194934, at *4 (D. Me. Nov. 16, 2015).

The standard that governs Plaintiff's assault-based use of force claim is informed by his status at the time. That is, whether an Eighth Amendment standard or a Fourth Amendment standard applies depends on whether at the time Plaintiff was serving a sentence following conviction or whether he was detained pending the disposition of a criminal charge. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Plaintiff's pleadings do not reflect whether he was held as a pretrial detainee or was in execution of a sentence.

If Plaintiff was a pretrial detainee, "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Id.* (quoting *Graham v. Conner*, 490 U.S. 386, 395 n.10 (1989)). The use of force can be considered "punishment" if it was not "rationally related to a legitimate nonpunitive governmental purpose" or was "excessive in relation to that purpose." *Id.* at 2473 – 74 (quoting *Bell v. Wolfish*, 490 U.S. 520, 561 (1979)).

If Plaintiff was serving a sentence, the Eighth Amendment standard governs, and to be actionable the conduct must involve "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The standard requires "more than ordinary lack of due care for the prisoner's interests or safety." *Id.* In the application of this standard, courts typically consider "whether force was applied … maliciously and sadistically for the very purpose of causing harm." *Id.* at 320 – 21 (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir. 1973)). The "maliciously and sadistically" terminology was specifically formulated by the Supreme Court to address situations in which officers apply force "to resolve a disturbance." *Id.* at 320. In the case of a prison disturbance, a court must balance the application of force against the important state interest of maintaining institutional security. *Hope v. Pelzer*, 536 U.S. 730, 738 (2002); *Whitley*, 475 U.S. at 321 – 22; *Skinner v. Cunningham*, 430 F.3d 483, 488 (1st Cir. 2005).[3]

---

[3] Defendant asserts that Plaintiff's claim is also subject to a "deliberate indifference" standard. (Mot. to Dismiss at 4.) Assuming this is correct, purposeful infliction of pain in the absence of any penological justification meets the

Although Plaintiff has not alleged whether he was a pretrial detainee, he has alleged facts sufficient to state a claim under either standard. A rational factfinder could reasonably conclude that an officer who arranges a prisoner-on-prisoner assault or threat has both (1) engaged in an objectively unreasonable application of force and (2) demonstrated more than ordinary lack of care and a purpose to cause harm.[4]

### 2. *Plaintiff's retaliation claim*

To state a claim of first amendment retaliation, an inmate must allege (1) that the inmate engaged in conduct protected by the First Amendment; (2) that the defendant took adverse action against the inmate because of the protected conduct; and (3) that the adverse action was more than de minimis, i.e., was sufficient to deter an inmate of ordinary firmness from exercising his or her first amendment rights. *Hannon v. Beard*, 645 F.3d 45, 48 (1st Cir. 2011); *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003); *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999).

In this Circuit, the filing of a prison grievance is considered protected conduct. *Hannon*, 645 F.3d at 48 ("The plaintiff, in filing his own grievances and legal actions, plainly engaged in protected activity."); *Hightower v. Vose*, 95 F.3d 1146 (Table), No. 95-2296, 1996 WL 516123, *1 (1st Cir. Sept. 12, 1996). The issue is whether Defendant's conduct after Plaintiff's grievance

---

deliberate indifference standard. *Hope*, 536 U.S. at 738. Additionally, a factfinder can "infer the existence of this subjective state of mind from the fact that the risk of harm is obvious." *Id.*

[4] As for Defendant's argument that the risk of harm, viewed objectively, was not sufficiently serious to support a constitutional claim, threatening conduct involving the use of weapons and physical contact could generate an objectively serious risk of harm. *Daniels v. Pitkins*, No. 3:14-cv-02383, 2015 WL 4985127, at *5 (M.D. Pa. Aug. 19, 2015) (collecting cases). Using a prisoner to administer an assault only enhances the risk. The fact that serious injury was not inflicted is not dispositive. *Wilkins v. Gaddy*, 559 U.S. 34, 34, 37 (2010) (per curiam) (citing *Hudson v. McMillian*, 503 U.S. 1, 4, 9 (1992)). While Plaintiff does not allege any lasting pain or harm, and while "not 'every malevolent touch by a prison guard gives rise to a federal cause of action,'" even de minimis harm can suffice where the force used is "repugnant to the conscience of mankind" and violates "contemporary standards of decency." *Id.* (quoting *Hudson*, 503 U.S. at 9). "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. at 9. Assuming the alleged conduct occurred, a factfinder should be permitted to assess whether a prison guard who not only uses a prisoner to deliver a threat with a deadly weapon, but also does so in the absence of any institutional purpose, violates contemporary standards of decency.

activity was adverse action that would deter an inmate of ordinary firmness from exercising his right to petition for redress of grievance. "[T]his objective test applies even where a particular plaintiff was not himself subjectively deterred; that is, where he continued to file grievances and lawsuits." *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004); *see also Ayotte v. Barnhart*, 973 F. Supp. 2d 70, 82 (D. Me. 2013).

Several circuit courts of appeals have held that harassment and threats can constitute the necessary adverse action. *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009); *Thaddeus-X*, 175 F.3d at 398; *Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994); *Ford v. Palmer*, 539 Fed. App'x 5, 7 (2d Cir. 2013). Harassment, however, is not always actionable. *Brown v. Lewis*, 865 F. Supp. 2d 642, 648 (E.D. Pa. 2011). For example, a verbal insult alone does not constitute adverse action. *Vincent v. Sitnewski*, 117 F. Supp. 3d 329, 340 (S.D.N.Y. 2015) (citing inter alia *Mateo v. Fischer*, 682 F. Supp. 2d 423, 434 (S.D.N.Y. 2010) (collecting S.D.N.Y. cases concerning verbal threats)); *Briggs v. Wall*, No. 1:09-cv-00456, 2009 WL 4884529, at *5 (D.R.I. Dec. 16, 2009) ("The alleged vague threat of future unspecified discipline … does not constitute 'adverse action'").[5] On the other hand, death threats and threats of serious physical harm generally suffice. *Evenstad v. Herberg*, 994 F. Supp. 2d 995, 1001 (D. Minn. 2014) (concluding that the statement, "We'll be ramping things up," was too vague to state a claim, where the complaint provided no context to give the statement chilling effect, such as a "history of abuse or a pattern of threats" or an accompanying "menacing gesture").

---

[5] The First Circuit Court of Appeals has not had many occasions to review adverse action found by a district court to be de minimis in the context of a prisoner retaliation claim. In *Starr v. Dube*, the Court held that an allegedly retaliatory disciplinary charge was not an adverse action where the record established that the prisoner received a hearing before discipline would be imposed and was successful in overcoming the charge. 334 Fed. App'x 341 (1st Cir. 2009) (per curiam).

Here, Plaintiff alleges that Defendant appeared in his cell one night and "confronted" Plaintiff about his grievance (after already having let an inmate into Plaintiff's cell to assault him). Subsequently, according to Plaintiff, Defendant regularly "intimidated" Plaintiff during escorts to Plaintiff's daily appointments in the prison infirmary. Although Plaintiff's allegations are somewhat general, a factfinder plausibly could conclude, particularly after Defendant allegedly arranged for an inmate to assault and threaten Plaintiff, that Defendant's alleged confrontation and intimidation were sufficient to deter an inmate of ordinary firmness from exercising the inmate's constitutional rights. Plaintiff, therefore, has stated an actionable retaliation claim.

## CONCLUSION

Based on the foregoing analysis, Plaintiff's Motion to Amend (ECF No. 15) is granted. In addition, I recommend the Court deny Defendant's Motion to Dismiss (ECF No. 8).

## NOTICE

Any objection to this Memorandum of Decision and Recommended Decision shall be filed in accordance with Fed. R. Civ. P. 72. With respect to the order on Plaintiff's Motion to Amend, a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).

With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of August, 2016.