UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

RICHARD ALLEN DIXON, JR.,

    Plaintiff,

vs.

DALTON GROEGER,

    Defendant

Civil No. 16-00178-NT

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY TRIAL**

Defendant Dalton Groeger, by and through counsel, hereby responds to the Plaintiff's Amended Complaint (Docket Entry No. 4) as follows:

1. Introduction

1.    The allegations contained in this paragraph of the Plaintiff's Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

2. Jurisdiction

2.    The allegations contained in this paragraph of the Plaintiff's Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

### 3.  Parties

3. The Defendant admits that the Plaintiff was at one time incarcerated at the York County Jail. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

4. The Defendant admits that he is employed as a corrections officer at the York County Jail. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

5. The allegations contained in this paragraph of the Plaintiff's Amended Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

### 4.  FACTS

6. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

7. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

8. The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

9. The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

10. The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

11. The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

12. The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

13. The Defendant denies the allegations contained in this paragraph of Plaintiff's Amended Complaint.

14. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

15. The Defendant admits that on September 8, 2015 he spoke with the Plaintiff as to why he would make baseless allegations against him. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

16. The Defendant admits that the Plaintiff said to the Defendant: "get the f*** out of my cell." The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

17.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

18.     The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

### 5.  Relief

The statements contained in this paragraph of the Plaintiff's Amended Complaint do not constitute allegations of fact to which a response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

### 6.  Verification

The statements contained in this paragraph of the Plaintiff's Amended Complaint do not constitute allegations of fact to which a response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Amended Complaint and, accordingly, denies same.

**AFFIRMATIVE DEFENSES**

1.     The Defendant has at all times acted in good faith and without knowledge that his conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2.     The Defendant's conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3. No reasonable person would have known that the Defendant's conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107 and 8108.

5. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by the personal immunity provisions provided to the Defendant by the Maine Tort Claims Act, 14 M.R.S.A. § 8111(1)(C), (D) and (E).

6. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is capped by the Maine Tort Claims Act.

7. To the extent that the Plaintiff's Amended Complaint seeks to impose liability on the Defendant in his representative capacity, the Amended Complaint fails to state a claim upon which relief may be granted.

8. The Plaintiff's own conduct was the sole or a contributing cause of any injuries that he claims in this matter.

9. The Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

10. The Plaintiff's claims are barred for the reason that the Defendant is not liable under a theory of *respondeat superior* for the actions of his agents or employees.

11. The Plaintiff's claims are barred for the reason that the Defendant's conduct does not constitute deliberate indifference or conduct which is shocking to the conscience.

13. The Plaintiff's claims are barred for the reason that the allegations in the Amended Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

14. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

15. The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

16. To the extent that the Plaintiff seeks injunctive or declaratory relief, he has no standing.

18. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. § 1983 in the Maine Constitution or the United States Constitution.

19. The Plaintiff's Amended Complaint, in whole or in part, fails to state justiciable claims.

20. The Defendant reserves the right to demonstrate that the Plaintiff has failed to mitigate his damages.

21. The Plaintiff's Amended Complaint is frivolous and should be dismissed pursuant to 28 U.S.C. § 1915.

22. The Plaintiff's claims are barred, in whole or in part, by the exhaustion of remedies provisions in 42 U.S.C. § 1997(e).  *Porter v. Nussle*, 534 U.S. 516 (2002).

23. The Plaintiff's claims are barred, in whole or in part, to the extent they are not based upon physical injury.

24. The Plaintiff's Amended Complaint, in whole or in part, fails to state a cognizable claim under the Prison Litigation Reform Act.

25.     To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Amended Complaint, the Defendant cannot be held liable for the alleged damages associated with those alleged injuries.

## JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendant requests a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendant Dalton Groeger demands judgment in his favor with regard to all claims of the Plaintiff's Amended Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 18th day of October, 2016.

>    Attorneys for Defendant Dalton Groeger
>    MONAGHAN LEAHY, LLP
>    95 Exchange Street, P.O. Box 7046
>    Portland, ME 04112-7046
>    (207) 774-3906

BY:     /s/ John J. Wall, III
             John J. Wall, III

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 18, 2016, I electronically filed **Answer to Complaint and Affirmative Defenses and Demand for Jury Trial** using the CM/ECF system, which will effect service on all registered parties of record.  In addition, I hereby certify that I have served a copy of this document on the Plaintiff by first class mail, postage prepaid, to the following address:

> Richard Dixon, Jr.
> MDOC# 51584
> Maine Correctional Center
> 17 Mallison Falls Road
> Windham, ME 04062

Dated at Portland, Maine this 18th day of October, 2016.

> Attorneys for Defendant Dalton Groeger
> MONAGHAN LEAHY, LLP
> 95 Exchange Street, P.O. Box 7046
> Portland, ME 04112-7046
> (207) 774-3906

BY:  /s/ John J. Wall, III
   John J. Wall, III